WHEELER v. CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. March 12, 1909.)

MUNICIPAL CORPORATIONS (§ 342*)—CONTRACTS—MUNICIPAL BUILDING—APPROVAL BY BOARD OF ESTIMATE.

Laws 1907, c. 670, authorized the commissioner of bridges of New York City to construct a municipal building with the approval of the board of estimate and apportionment, provides that the plan and specifications shall be approved by the board of estimate, and that the provisions of the New York City charter shall apply to the letting of the contracts, and so far as consistent therewith to the erection of the building. *Held*, that only the provisions of the charter itself apply, and that the approval of the plans by the board of estimate is sufficient, notwithstanding that the building code, enacted by the board of aldermen under the authority of the charter, provides for the approval of all plans by the superintendent of buildings, and that such code shall apply to buildings, both municipal and private.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 342.*]

Action by Henry L. Wheeler against the City of New York. Motion for injunction denied.

A. P. Fitch and Mott & Grant, for the motion.
F. K. Pendleton, opposed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GERARD, J. By chapter 670 of the Laws of 1907 the commissioner ·of bridges was authorized to construct and erect a municipal building, with the approval of the board of estimate and apportionment. The act provided that the commissioner of bridges should employ an architect, and that the plans and specifications should be submitted and approved by the board of estimate. The act further provided that the provisions of the charter of the city of New York should apply to the letting and the award of said contract or contracts, and, so far as consistent therewith, to the erection and construction of said building. The plaintiff, suing as a taxpayer, seeks to enjoin the letting of the contracts, alleging: That the charter of the city of New York provides for the enactment of a building code, that the board of aldermen did enact a building code, and that the code contained a provision providing for the approval of all plans by the superintendent of buildings, and a further provision that the code should apply to "buildings, both municipal and private"; that the superintendent of buildings has refused to approve the plans of this proposed municipal building, and that therefore no contract for its construction should be let.

. I am of opinion that it was plainly the intent of the Legislature that the approval of the board of estimate was all that was necessary, and that any provision of the charter applicable to the construction and erection should apply, if not inconsistent with the act. It is not claimed that the contract is to be let or the construction proceeded with in violation of any provision of the charter; but it is claimed that the letting is in violation of the provisions of another code of regulations which the charter authorized the board of aldermen to enact. I think the Legislature intended that only the provisions of the charter itself should apply, and that the approval by the board of estimate is sufficient.

Motion denied, with costs. Settle order on notice.